**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| Bryan Bravo. | ) | |
| Plaintiff | ) | |
| v. | ) | **AMENDED COMPLAINT** |
| City of New York, James Droge, | ) | JURY TRIAL DEMAND |
| Jack Crawford, Robert Sheron, | ) | |
| Stephen Casazza, Jose Martinez, | ) | |
| James Kash | ) | |
| Defendants. | ) | |

PRELIMINARY STATEMENT

1. Bryan Bravo ("Mr. Bravo  or Plaintiff"), was a victim of unreasonable and unnecessary force by members of the NYPD. As a result of this use of force, Mr. Bravo may have suffered permanent injury.

2. Mr. Bravo brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his rights under the Constitution of the United States of America and the New York State Constitution as well as common law claims.

JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth , Eighth, and Fourteenth Amendments to the United States Constitution, as well as the New York State Constitution and New York Common Law.

Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (a)(4) because Mr. Bravo's claims arise under law of the United States and seek redress of the deprivation under color of state law of rights guaranteed by the United States Constitution.

4. Venue lies in the Eastern District of New York under 28 U.S.C.§ 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claim occurred in the District.

THE PARTIES

5. Plaintiff Bryan Bravo is a resident of Queens County, New York, New York.

6. Defendant Police Officer James Droge–was at all times relevant to this Complaint a duly appointed and acting employee of the City of New York and the NYPD, acting under color of law and in their individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the NYPD. They are sued in their individual capacity.

7. Defendant Police Officer Jack Crawford–was at all times relevant to this Complaint a duly appointed and acting employee of the City of New York and the NYPD, acting under color of law and in their individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the NYPD. They are sued in their individual capacity.

8. Defendant Police Officer Robert Sheron –was at all times relevant to this Complaint a duly appointed and acting employee of the City of New York and the NYPD, acting under color of law and in their individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the NYPD. They are sued in their individual capacity.

9. Defendant Police Officer Stephen Casazza –was at all times relevant to this Complaint a duly appointed and acting employee of the City of New York and the NYPD, acting under color of law and in their individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the NYPD. They are sued in their individual capacity.

10. Defendant Police Officer Jose Martinez –was at all times relevant to this Complaint a duly appointed and acting employee of the City of New York and the NYPD, acting under color of law and in their individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the NYPD. They are sued in their individual capacity.

11. Defendant Police Officer James Kash–was at all times relevant to this Complaint a duly appointed and acting employee of the City of New York and the NYPD, acting under color of law and in their individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the NYPD. They are sued in their individual capacity.

12. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the New York City Police Department ("NYPD"), a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein. The City of New York is sued pursuant to General Municipal Law - GMU § 50 and AC § 8-802.

**STATE LAW CLAIMS PREREQUISITES**

7. That all acts and incidents complained of herein occurred in New York County, City, and State of New York.

8. That within 90 days after the state law claim of false imprisonment and defamation accrued, plaintiff served a Notice of Claim, in writing, sworn by the claimant, containing the name and post office address of the plaintiff and plaintiff's attorney, the nature of the claim, the time when, the place and the manner by which the claim arose, the items of damage and the injuries claimed to have been sustained, to be served upon the defendants by delivering a copy thereof to the person designated by law as a person to whom such claims may be served.

9. That plaintiff appeared for a hearing pursuant to § 50-H of the General Municipal Law on or about July 31, 2025.That the defendants have not adjusted, settled the claim since the Notice of Claim was served and it has exceeded 30 days. that this claim has been commenced and this action has been started within one year and ninety days after the accrual of the state law violation upon which the New York State law claims are based and that all conditions and requirements precedent to the commencement of this action have been complied with.

**JURY DEMAND**

10. Plaintiff Bryan Bravo demands a jury trial.

**STATEMENT OF FACTS COMMON TO ALL CLAIMS**

11. On or about December 10, 2024, members of the NYPD arrived at Plaintiff's residence.

12. Plaintiff thought their arrival was based on a call that he had placed to the NYPD two days prior, regarding his neighbors breaking into his apartment.

13. Though he called the officers for assistance, the officers illegally searched his residence.

14. The officers then, after searching and not finding anything related to criminal activity, placed Plaintiff under arrest.

15. This arrest was ostensibly due to Plaintiff being considered an emotionally disturbed person, but no reasonable person would consider Plaintiff a threat to himself or others.

16. Prior to being placed under arrest, Plaintiff requested to talk to the supervisor.

17. Ignoring his request, Plaintiff was violently pulled outside and placed into handcuffs. While in handcuffs, Plaintiff was then, without reason or justification, thrown violently to the ground.

18. Despite Plaintiff's cries that the officer's conduct was breaking his wrist, the officers proceeded to use unreasonable and unnecessary force against Plaintiff.

19. At no point did Mr. Bravo resist arrest.

20. Plaintiff was subsequently taken away in an ambulance.

21. At some point after Plaintiff's arrest, officers found his identity and that there was an open I-Card for his arrest.

22. After being released from the hospital, Plaintiff then went to the emergency room a few days later.

23. After multiple visits to the emergency room, Plaintiff has , and continues to, recieve treatment and physical therapy for his injuries.

24. Plaintiff's injuries will require surgery.

25. None of the aforementioned acts were protected by legal privilege, nor were such acts legally justified. Said occurrence and the injuries and damages sustained by claimant were due solely to the negligence, carelessness, recklessness and willful misconduct of the NYPD, its agents, servants and/or employees.

26. As a result of the defendants' conduct, plaintiff has been caused to suffer, inter alia, severe anxiety, humiliation, and embarrassment, damage to personal reputation, apprehension, , emotional and psychological trauma, loss of income, and violation of rights under the New York Constitutions, and applicable statutory and case law.

**CLAIMS FOR RELIEF**
**Claim I: Excessive Force Under 42 U.S.C. 1983**
*Against Individual Defendants*

27. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

28. In detaining Plaintiff, Defendants' used force.

29. The force used was unreasonable and excessive.

30. As a result of the unreasonable and excessive force, Plaintiff suffered injuries and substantial pain requiring medical attention.

31. Defendant's use of force was a substantial factor in causing the harm to Plaintiff.

32. As a result of the foregoing, Plaintiff was caused to suffer physical, psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, and loss of freedom.

33. Such acts and omissions of DEFENDANTS entitle Plaintiff to compensatory

and punitive damages.

**Claim II: Assault and Battery Under New York State Law**
*Against the City of New York*

34. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

35. That, on or about December 10, 2024, Defendants, who were acting within the scope of their employment with the Defendant, The City of New York, at the aforesaid location.

36. That, on or about December 10, 2024, Defendants committed an assault and battery knowingly, intentionally and willfully.

37. That, on or about December 10, 2024 the individual Defendants who committed the aforementioned assault and battery upon the Plaintiff were acting within the scope of their employment with the Defendant, The City of New York.

38. That on or about December 10, 2024 the assault and battery on the Plaintiff was without probable cause and was not the result of a lawful arrest.

39. By reason of the foregoing, Defendants are liable to Plaintiff for damages.

40. As a result of Defendant's impermissible conduct, Plaintiff demand judgment against Defendant's in a sum of money to be determined at trial.

**Claim III: Failure To Intervene Under 42 U.S.C. § 1983**
*Against Individual Defendants*

36. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

37. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct, had a duty to intervene and prevent such conduct and failed to intervene.

38. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

39. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

**Claim IV: False Arrest Under 42 U.S.C. 1983 & NY State Law**

40. Plaintiff was arrested in the absence of probable cause, at the direction of, Defendants.

41. As a result of the aforesaid conduct by Defendants, Plaintiff was subjected to illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

42. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer psychological and emotional injuries, violation of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to their reputation and their standing within their community.

43. As a result of Defendants' impermissible conduct, Plaintiff demand judgment against Defendants in a sum of money to be determined at trial.

**Claim V: Individual Defendant Officer's Violation of Plaintiff's AC 8-802 Rights**

44. The Plaintiff repeats, reiterates, and re-alleges the foregoing paragraphs as if the same were fully set forth at length herein.

45. The acts of Defendant Officers constituted conduct under color of any law, ordinance, rule, regulation, custom, or usage.

46. The acts of Defendant Officers caused Plaintiff to be deprived of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit: to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

47. The Defendant Officers, while in uniform, unlawfully seized, frisked, and searched the Plaintiff, before detaining plaintiff and further causing his detention for approximately one day in total.

48. By reason of the acts and omissions by Defendants described above, Plaintiff has endured physical and emotional injuries and was otherwise damaged and injured.

**Claim VI: Individual Defendant Officer's Failure to Intervene in Violation of Plaintiff's AC §§ 8-802 Rights**

49. The Plaintiff repeats, reiterates, and re-alleges the foregoing paragraphs as if the same were fully set forth at length herein.

50. The acts of Defendant Officers constituted conduct under color of any law, ordinance, rule, regulation, custom or usage.

51. Defendant Officers had a duty to protect Plaintiff from violations of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit: to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

52. The Defendants that did not physically touch Plaintiff, but were present when other officers violated Plaintiff's AC 8-802 right against unreasonable search and seizure and excessive force had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by other officers.

53. Defendants failed to intervene to prevent the unlawful conduct described herein, thereby failed in their duty to intervene to protect Plaintiff from violation of his rights.

54. By reason of the acts and omissions by Defendants described above, Plaintiff has endured physical and emotional injuries and was otherwise damaged and injured.

**Claim VII: City-Employer's Liability for Defendant Officer's Violation of Plaintiff's AC §§ 8-802 Rights**

55. The Plaintiff repeats, reiterates, and re-alleges the foregoing paragraphs as if the same were fully set forth at length herein.

56. Defendant Officers are "covered individuals," as defined in 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 - 801 in that they are employees of the Police Department or persons appointed by the Police Commissioner as a Special Patrolman.

57. The City of New York, as the employer of the covered individual Defendant Officers, is liable to the Plaintiff for the wrongdoing of the covered individual Defendant Officers.

58. The acts of Defendant Officers constituted conduct under color of any law, ordinance, rule, regulation, custom or usage.

59. The acts of Defendant Officers caused Plaintiff to be deprived of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit: to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be

secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

60. The Defendant Officers, while in uniform, unlawfully seized, frisked, and searched the Plaintiff, before detaining plaintiff and further causing his detention for approximately one day in total.

61. By reason of the acts and omissions by Defendants described above, Plaintiff has endured physical and emotional injuries and was otherwise damaged and injured.

**Claim VIII: City-Employer's Liability for Defendant Officer's Failure to Intervene in Violation of Plaintiff's §§ AC 8-802 Rights**

62. The Plaintiff repeats, reiterates, and re-alleges the foregoing paragraphs as if the same were fully set forth at length herein.

63. Defendant Officers are "covered individuals," as defined in 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 - 801 in that they are employees of the Police Department or persons appointed by the Police Commissioner as a Special Patrolman.

64. The City of New York, as the employer of the covered individual Defendant Officers, is liable to the Plaintiff for the wrongdoing of the covered individual Defendant Officers.

65. The acts of Defendant Officers constituted conduct under color of any law, ordinance, rule, regulation, custom or usage.

66. Defendant Officers had a duty to protect Plaintiff from violations of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit: to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be

secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

67. The Defendants that did not physically touch Plaintiff but were present when other officers violated Plaintiff's AC 8 – 802 rights against unreasonable search and seizure and excessive force had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by other officers.

68. Defendants failed to intervene to prevent the unlawful conduct described herein, thereby failed in their duty to intervene to protect Plaintiff from violation of his rights.

69. By reason of the acts and omissions by Defendants described above, Plaintiff has endured physical and emotional injuries and was otherwise damaged and injure.

**Claim IX: Violations of the New York State Constitution**

70. Plaintiff repeats and realleges each allegation contained in the preceding paragraphs as if fully set forth herein.

71. Such conduct breached the protections guaranteed to plaintiff by the New York State Constitution, including but not limited to, Article 1, §§ 1, 6, 8, 9, 11, and 12, and including the following rights:

a. freedom from unreasonable search and seizure of his person and property;

b. freedom from arrest without probable cause;

c. freedom from false imprisonment, that being wrongfully detained without good faith, reasonable suspicion, or legal justification, and of which wrongful detention plaintiff was aware and did not consent;

d. freedom from the lodging of false charges against him by police officers and prosecutors, including on information and belief, by some or all of the

individual defendants; and

e. freedom from deprivation of liberty without due process of law.

72. As a direct and proximate result of defendants' deprivations of Plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution, Plaintiff suffered physical, economic and emotional injuries, as well as a deprivation of liberty.

73. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

74. As a result of the above unconstitutional conduct, the City of New York is liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of respondeat superior.

**Claim X: Unlawful Entry Under NY State Law & U.S.C. § 1983**

75. Plaintiff repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

76. Defendants' entered the home of Plaintiff without a search warrant or an exigency.

77. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer psychological and emotional injuries, violation of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to their reputation and their standing within their community.

78. As a result of Defendants' impermissible conduct, Plaintiff demand judgment.

WHEREFORE, Plaintiffs demand the following relief against Defendants:

a. Compensatory damages in an amount to be determined at trial;
b. Punitive Damages;
c. Reasonable costs and attorneys' fees under 42 U.S.C. § 1988;
d. Pre- and post-judgment interest to the fullest extent permitted by law; and
e. Any additional relief the Court deems just and proper.

DATED: this 5th Day of August 2026 New York, New York

Yours, etc.

Lord Law Group PLLC

________________________________
Masai I. Lord, Esq.
14 Wall St., Ste 1603
New York, NY 10279
718-701-1005

*Counsel for Plaintiff Bryan Bravo*